Darren M. Geliebter
LOMBARD & GELIEBTER LLP
305 Broadway, 7th Floor
New York, NY 10007
212-520-1172
*Attorneys for Plaintiffs*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| GOTHAM STEEL, LLC<br><br>                         Plaintiff,<br><br>v.<br><br>OCEAN STATE JOBBERS, INC. d/b/a<br>OCEAN STATE JOB LOT<br>                            Defendant. | No. 18 CIV _____ |

## COMPLAINT

Plaintiff Gotham Steel, LLC ("Gotham Steel" or "Plaintiff"), by its undersigned attorneys and for its Complaint, alleges as follows:

## NATURE OF THE ACTION

1. This is an action for damages and injunctive relief for unfair competition, false advertising, trademark and trade dress infringement, and related causes of action, namely (1) false advertising under 15 U.S.C. § 1125(a)(1)(B); (2) false association under 15 U.S.C. § 1125(a)(1)(A); (3) false designation of origin under 15 U.S.C. § 1125(a); (4) trademark infringement and dilution under 15 U.S.C. §§ 1125(a) and 1125(c); (5) trade dress infringement under U.S.C. § 1125(a);  (6) false advertising, unfair competition and passing off under New Jersey Deceptive Trade Practices Law § 56:8-2; (7) trademark infringement, trade dress infringement, and dilution under New Jersey common law; (8) unfair competition under New

Jersey common law; and (9) tortious interference with prospective economic advantage under New Jersey common law.

## JURISDICTION AND VENUE

2.      This Court has subject matter jurisdiction in this matter pursuant to 28 U.S.C. § 1331 because this action arises under the federal Lanham Act.

3.      This Court has jurisdiction under 28 U.S.C. § 1332(a) because the parties are citizens of different states and the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

4.      This Court has supplemental jurisdiction over the claims in this Complaint which arise under the statutory and common law of the State of New Jersey pursuant to 28 U.S.C. § 1367(a) because the state law claims are so related to the federal claims that they form part of the same case or controversy and derive from a common nucleus of operative facts.

5.      This Court has personal jurisdiction over Defendant because Defendant does business in this judicial district and because claims asserted herein arose in this judicial district.

6.      Venue is proper in the District of New Jersey pursuant to 28 U.S.C. § 1391(b) and/or (c) because a substantial part of the events giving rise to the claims occurred in this judicial district and/or Defendant Ocean State is subject to personal jurisdiction in this district.

## THE PARTIES

7.      Plaintiff Gotham Steel, LLC is a limited liability company organized and existing under the laws of the State of New Jersey, having its principal place of business at 157 Veterans Drive, Northvale, New Jersey 07647.

8.      Upon information and belief, Ocean State Jobbers, Inc. d/b/a Ocean State Job Lot ("Ocean State" or "Defendant") is a corporation organized and existing under the laws of the

State of Rhode Island,  having a place of business at 375 Commerce Park Road, North

Kingstown, Rhode Island 02852.

9.       Plaintiff Gotham Steel is a well-known designer of high-quality cookware,

bakeware and cutlery products, including its very popular copper-colored frying pans, baking

pans, and cookware sets, and its patent-pending copper-colored stovetop grill pan (the "Copper

Pans"). Plaintiff's Copper Pans incorporate distinctive copper-colored surfaces, and unique

handle designs, and are highly publicized online and on TV with the "As Seen on TV"

designation. Plaintiff's Copper Pans are widely advertised and sold throughout United States

commerce via television offers, on the Internet and in stores such as Walmart, Bed Bath &

Beyond, Target, and other retailers. Plaintiff's pans are also sold in defendant Ocean State's

stores.

10.       This is an action for, *inter alia*, false advertising, unfair competition, trademark

and trade dress infringement and dilution, and related causes of action under the laws of the

United States, specifically the Lanham Act, New Jersey common law, and New Jersey statutory

law.

<u>**FACTUAL BACKGROUND COMMON TO ALL COUNTS**</u>

11.       This action concerns false advertising, false representations, and

misrepresentations made by Defendant Ocean State in its advertising of Plaintiff's popular

Copper Pans and registered trademark GOTHAM STEEL, together with unmarked, unnamed

knock-off pans that are virtually identical to Plaintiff's distinctive Copper Pans. This action also

concerns the infringing sales of such knock-off goods. Ocean State's actions in this regard have

and continue to cause irreparable harm to Plaintiff Gotham Steel throughout the United States

and in this judicial district.

12.     Plaintiff is a well-known consumer products company that designs high-quality cookware, bakeware and cutlery. To that end, Plaintiff owns various intellectual property rights in its products, including several patents and trademarks in and to the "Copper Pans and related products, including U.S. Trademark Registration No. 5307503 for the word mark GOTHAM STEEL in Classes 7 and 21, U.S. Trademark Registration No. 5392475 for the word mark GOTHAM STEEL OVER EZ in Class 21, and U.S. Registration No. 4863510 for the word mark GOTHAM STEEL in Class 8 (See Exhibit A).

13.     Plaintiff's GOTHAM STEEL mark has been in use in U.S. commerce continuously dating back to December 1, 2015.

14.     Plaintiff's Copper Pans have been sold in U.S. commerce at least as early as March 18, 2016.

15.     Plaintiff's Copper Pans have distinctive copper-colored surfaces and unique handle designs. The pans are widely advertised and sold throughout United States commerce via television offers, on the Internet and in stores such as Walmart, Bed Bath & Beyond, Target, and other retailers. Plaintiff's popular pans are also associated with the "As Seen on TV" designation, and this designation is used in the marketing of Plaintiff's products.

16.     Plaintiff's Copper Pans are also sold in defendant Ocean State's stores and marketed on its online and printed flyers under Plaintiff's registered trademark GOTHAM STEEL.

17.     Defendant also sells competing products, including infringing knock-off products of Plaintiff's Copper Pans, and publishes circulars and advertising flyers that offer both Plaintiff's Copper Pans and the infringing knock-off versions. These flyers are distributed in print and made available online at Defendant's website.

18.     Plaintiff's success in this highly competitive industry is dependent upon the proprietary branding and trade dress designs utilized in connection with its products, and upon the quality of its products.

19.     Substantial resources have been invested in promoting Plaintiff's products on TV and the Internet. As a result of the investment of significant resources, Plaintiff has developed substantial goodwill in the industry throughout the United States, the State of New Jersey and this judicial district.

## DEFENDANT OCEAN STATE'S FALSE ADVERTISING, MISREPRESENTATIONS, AND INFRINGING CONDUCT

20.     Plaintiff incorporates and realleges the allegations contained in the foregoing paragraphs as though fully set forth herein in their entirety.

21.     Recent advertising being used and disseminated by Defendant on its website and on printed flyers and disseminated to purchasers and potential purchasers contains false advertising, misleading statements and images, and constitute infringement and violations of multiple sections and provisions of the Lanham Act, New Jersey common law, and New Jersey statutory law

22.     Specifically, upon information and belief, Defendant started disseminating circulars on or around September 28, 2017 that offered and depicted both Plaintiff's popular Copper Pan and unnamed, unmarked knock-offs that looks identical to Plaintiff's pans. On information and belief, the unauthroized knock-off pans use the same distinctive shade of copper as well as the unique handle designs that Plaintiff has been using on its cookware for over a decade, and with its copper grill pans since at least 2015.

23.     The unmarked knock-off pans were depicted on the page (page 5) directly after the page on which Plaintiff's Copper Grill Pans were depicted (page 4) of Defendant's Sept. 28-

Oct. 4, 2017 flyer, for example, without providing any information whatsoever as to the source or affilation of the infringing pans, thereby giving the impression that the unmarked knock-off pans were part of, or affiliated with, Plaintiff's popular line of Copper Pans.

24.     Plaintiff requested that this false and misleading advertising cease, but it did not. Instead, Defendant Ocean State proceeded to make the situation worse in its subsequent advertisements. Specifically, on or around November 2017, Defendant's flyers, which are dissimenated on Defendant's website, depicted the unmarked, unbranded knock-off pans *on the same page* as Plaintiff's Copper Pans, which are also identified as GOTHAM STEEL-branded goods, Plaintiff's registered trademark. Even worse, the knock-offs are depicted *directly below and in an overlapping relationship next to* Plaintiff's pans along with the "As Seen on TV" designation, in a manner that is virtually impossible to distinguish between the Plaintiff's goods and registered trademark on the one hand, and the unnamed knock-offs on the other. The result is that the consumer is given the impression that Plaintiff is the source of, or affiliated with, the lower-priced, lower quality unbranded knock-offs.



25.     Furthermore, Defendant's improper use of the "As Seen on TV" designation in-and-of-itself constitutes false advertising and a false representation in violation of the Lanham

Act, New Jersey common law, and New Jersey statutory law, as the unnamed knock-off goods depicted on Defendant's flyer are not, in fact, advertised on TV.

26.     When Defendant's advertisements are analyzed as a whole, in their full context, they are putting forth literally false information, constituting false advertising and misrepresentations in violation of the Lanham Act, New Jersey common law and statutory law.

27.     Defendant's advertisements, even if not deemed literally false, at the very least constitute intentionally misleading statements, via the intentionally misleading depiction and juxtaposition of the images that portray a false, incorrect, and misleading impression that the unbranded infringing knock-off goods emanate from Plaintiff as the source, or are affilated with these lower-priced, lower quality goods.

28.     Defendant's literally false and miselading advertisements have disparaged and defamed Plaintiff's Copper Pans, and Defendant's misrepresentations have caused a likelihood of confusion and misunderstanding as to the source, origin and affilation of such knock-off goods, and Plaintiff's relationship thereto. Plaintiff has been and continues to be irreparably damaged by Defendant's actions.

29.     Defendant's false and misleading advertisements have the tendency to deceive a substantial segment of Plaintiff's customers and cause a likelihood of confusion and misunderstanding as to the source, origin or affiliation of the identical, lower-priced, lower-quality, unbranded knock-off goods and their implied affilation with Plaintiff's higher-quality, popular Copper Pans.

30.     Defendant has purposefully made false and misleading representations. Specifically, Defendant has disseminated an intentionally misleading depiction and juxtaposition of images on its flyers that portray a false, incorrect, and misleading impression that the

unbranded infringing knock-off goods emanate from Plaintiff as the source, or that Plaintiff is affilated with these lower-priced, lower quality goods, as well as the incorrect impression tht the lower-priced, lower quality knock-off goods were advertised on TV.

31.     Actual confusion has occurred in the form of customers and distributors confused with regard to the source of the unbranded knock-off goods, calling Plaintiff to inquire and complain about Defendant's flyers in this regard around September 2017.

32.     The false advertising misrepresentations, and infringing conduct of Defendant have been published both in the State of New Jersey, in this judicial district, and throughout the country.

33.     The actions of Defendant Ocean State have caused irreparable damage to Plaintiff Gotham Steel. The irreparable injury and damage that Defendant is causing is continuing and certain to occur in the future if Defendant's advertisements containing this false and misleading information and imagery are not enjoined.

**COUNT I**
**FALSE ADVERTISING IN VIOLATION OF THE LANHAM ACT § 43(a)(1)(B)**

34.     Plaintiff incorporates and realleges the allegations contained in the foregoing paragraphs as though fully set forth herein in their entirety.

35.     Defendant Ocean State has purposefully made false and misleading descriptions of fact and has purposefully used false and misleading images concerning the nature, characteristics, and qualities of its products, Plaintiff's products, and competitor products in its advertising flyers which are available on Defendant's website.

36.     The advertising being used and disseminated by Defendant on its website and on printed flyers and disseminated to purchasers and potential purchasers contains false advertisement and misleading statements and images.

37.     Specifically, upon information and belief, Defendant started disseminating advertising circulars at least on or around September 28, 2017 that offered and depicted both Plaintiff's popular Copper Pans, identified and marketed in connection with Plaintiff's registered GOTHAM STEEL mark, and unnamed, unmarked knock-offs that look identical to Plaintiff's popular pans. The unauthorized knock-off pans use the same distinctive shade of copper as well as the unique handle design that Plaintiff has been using on its cookware for over a decade, and with its Cooper Grill Pans since at least 2015.

38.     The unmarked knock-off pans were depicted on the page (page 5) directly after the page on which Plaintiff's Copper Pans were depicted (page 5), without providing any information whatsoever as to the source or affiliation of the infringing pans, thereby giving the impression that the unmarked knock-off pans were part of, offered by, or affiliated with, Plaintiff as part of its popular line of Copper Grill Pans that it markets with the "As Seen on TV" designation.

39.     Furthermore, Defendant's improper use of the "As Seen on TV" designation in-and-of-itself constitutes false advertising in violation of the Lanham Act, as the unnamed knock-off goods depicted on Defendant's flyer are not, in fact, advertised on TV.

40.     Plaintiff requested that this false and misleading advertising cease, but it did not. Instead, Defendant Ocean State proceeded to make the situation worse in its subsequent advertisements. Specifically, on or around November 2017, Defendant's flyers, which are disseminated on Defendant's website, depicted the unmarked, unbranded knock-off pans *on the same page* as Plaintiff's Copper Pans. Even worse, the knock-offs are depicted in a *directly overlapping relationship below and next to* Plaintiff's pans and registered trademark. It's virtually impossible to distinguish between the source of Plaintiff's goods and the unnamed

knock-offs. The unavoidable result is that the consumer is given the misleading and incorrect impression that Plaintiff  Gotham Steel is the source of, or affiliated with, the lower-priced, lower quality unbranded knock-offs, since they are the only party or brand identified.

41.     Furthermore, another unavoidable result of Defendant's tactics is that the consumer is given the misleading and incorrect impression that the knock-offs are in fact advertised on TV, due to its misleading and improper use, juxtaposition, and depiction of the "As seen on TV" designation. The knock-off products that are depicted in Defendant's flyer are not, in fact, advertised on TV; as such, use of the "As seen on TV" designation was entirely improper, misleading, and in violation of the Lanham Act.

42.     When Defendant's advertisements are analyzed as a whole, in their full context, they are putting forth literally false information, constituting false advertising and misrepresentations in violation of the Lanham Act.

43.     Defendant's advertisements should be deemed literally false, but even if they are not deemed literally false, at the very least the Defendant's advertisements constitute intentionally misleading statements, via the intentionally misleading depiction and juxtaposition of the images that portray a false, incorrect, and misleading impression that the unbranded infringing knock-off goods emanate from Plaintiff as the source, or that Plaintiff is affilated with these lower-priced, lower quality goods.

44.     Defendant's advertisements should also be deemed literally false with respect to the improper use of the "As seen on TV" designation, but even if this use is not deemed literally false, at the very least it constitutes an intentionally misleading statement.

45.     Defendant's literally false and miselading advertisements have disparaged and defamed Plaintiff's Copper Pans and registered GOTHAM STEEL trademark, and Defendant's

misrepresentations have caused a likelihood of confusion and misunderstanding as to the source, origin and affilation of such knock-off goods, and Plaintiff's relationship thereto. Plaintiff has been and continues to be irreparably damaged by Defendant's actions.

46.     Defendant's false and misleading advertisements have the tendency to deceive a substantial segment of the public and of Plaintiff's customers, including those in this district, into believing that Plaintiff is the source of, origin of, or somehow affiliated with, the unbranded knock-off pans, and causes a likelihood of confusion and misunderstanding as to the source, origin or affiliation of the identical, lower-priced, lower-quality, unbranded knock-off brands and their implied affilation with Plaintiff's higher-quality, popular Copper Pans and GOTHAM STEEL-branded goods.

47.     Defendant has purposefully made false and misleading representations. Specifically, Defendant has disseminated an intentionally misleading depiction and juxtaposition of images on its flyers that portray a false, incorrect, and misleading impression that the unbranded infringing knock-off goods emanate from Plaintiff as the source, or that Plaintiff is affilated with these lower-priced, lower quality goods.

48.     Actual confusion has occurred in the form of customers and distributors confused with regard to the source of the unbranded knock-off goods, calling Plaintiff to inquire and complain about Defendant's flyers in this regard around September 2017.

49.     The deception is material because it is likely to influence a consumer's purchasing decisions.

50.     Defendant has introduced its false and misleading advertisements into interstate commerce, and shipment of its products into interstate commerce containing false and misleading advertising.

51. Plaintiff Gotham Steel has suffered both an ascertainable economic loss of money and reputational injury by the diversion of business from Plaintiff to Defendant and the loss of goodwill in Plaintiff's products. Specifically, the false and misleading advertisements of Defendant have the tendency to create confusion, including but not limited to initial interest confusion, and to lure customers into buying the identical, lower-priced knock-off pans, instead of the higher-quality, higher-priced Copper Pans, all while intentionally trying to parlay the benefits of Plaintiff's popular product line, its good name, the renown of its' registered GOTHAM STEEL trademark, and its earned use of the "As Seen On TV" designation. Customers see the "As Seen On TV" designation depicted right next to the unnamed, unmarked, virtually identical knock-off products, and are misled into believing that the knock-offs are the ones that are "As Seen On TV" and further, that they are affiliated with the higher-quality Copper Pans offered by Plaintiff since 2015.

52. Defendant's actions, as described above, constitute false advertising and misleading descriptions and images and misrepresentations of fact in commerce that, in commercial advertising and promotion, misrepresent the nature, characteristics and qualities of both Plaintiff's and Defendant's products in violation of Section 43(a)(1)(B) of the Lanham Act.

## COUNT II
## FALSE ASSOCIATION IN VIOLATION OF THE LANHAM ACT § 43(a)(1)(A)

53. Plaintiff incorporates and realleges the allegations contained in the foregoing paragraphs as though fully set forth herein in their entirety.

54. Defendant knowingly and willfully has disseminated advertising circulars which are likely to cause confusion, and have caused confusion, in the relevant marketplace, with Plaintiff's Copper Pans, in the State of New Jersey, and across numerous other states where Plaintiff and Defendant conduct business.

55.     Defendant's unauthorized use of images that depict Plaintiff's Copper Pans and registered trademark GOTHAM STEEL constitutes use in commerce of a word, term, name, symbol, or device or a combination thereof, constituting a false designation of origin, a false and misleading deception, and a false and misleading representation that is likely to cause confusion, mistake, or deception as to the affiliation, connection or association of the knock-off pans depicted in Defendant's flyers with Plaintiff's Copper Pans and further is likely to cause confusion, mistake or deception as to the origin, sponsorship or approval by Plaintiff of Defendant's use of all associated images and designations on their advertisements.

56.     These acts by the Defendant constitute a violation of § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

57.     As a result of the Defendant's collective actions, Plaintiff has suffered injury, including irreparable injury, and damages, including lost profits, reasonable royalties, and other damages as set forth herein.

<u>**COUNT III**</u>
<u>**FALSE DESIGNATION OF ORIGIN IN VIOLATION OF THE LANHAM ACT § 43(a)**</u>

58.     Plaintiff incorporates and realleges the allegations contained in the foregoing paragraphs as though fully set forth herein in their entirety.

59.     This claim is for false designation of origin, false endorsement and unfair competition in violation of Section 43(a) of the Lanham Act, 15. U.S.C. § 1125(a), as amended.

60.     As a result of Plaintiff's widespread use of its Copper Pan designs, marks, and goods, it has achieved substantial goodwill, recognition and reputation throughout the United States in connection therewith.

61.     Defendant's unauthorized use of images that depict both a) Plaintiff's popular Copper Pans and registered GOTHAM STEEL trademark, and b) unnamed, unmarked knock-

offs that look identical to Plaintiff's pans, constitutes use in commerce of a word, term, name, symbol, or device or a combination thereof, constituting a false designation of origin, a false and misleading deception, and a false and misleading representation that is likely to cause confusion, mistake, or deception as to the affiliation, connection or association of the knock-offs with Plaintiff and its' popular Copper Pans, and further is likely to cause confusion, mistake or deception as to the origin, sponsorship or approval by Plaintiff of Defendant's use of all related and associated marks, designs and images on their advertisements.

62.     Defendant's unauthorized use of the "As seen on TV" designation constitutes use in commerce that amounts to a false designation of origin, a false and misleading deception, and a false and misleading representation that is likely to cause confusion, mistake, or deception.

63.     These acts by the Defendant constitute a violation of § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

64.     As a result of Defendant's actions, Plaintiff has suffered injury, including irreparable injury, and damages, including lost profits, reasonable royalties, and other damages as set forth herein.

65.     In light of the foregoing, pursuant to 15 U.S.C. §1117(b), Plaintiff is further entitled to three times the amount of the above profits or damages, whichever is greater, and its attorneys' fees and costs.

## COUNT IV
## TRADEMARK INFRINGEMENT AND DILUTION IN VIOLATION OF THE LANHAM ACT §§ 43(a) and 43(c)

66.     Plaintiff incorporates and realleges the allegations contained in the foregoing paragraphs as though fully set forth herein in their entirety.

67.     Plaintiff has used its GOTHAM STEEL trademark in U.S. commerce continuously since December 1, 2015.

68.     Plaintiff has extensively marketed and publicized its GOTHAM STEEL-branded goods online and on TV with the "As Seen on TV" designation.

69.     Plaintiff GOTHAM STEEL marks and Cooper Pans are widely advertised and sold in and throughout U.S. commerce via television offers, on the Internet, and in stores such as Walmart, Bed Bath & Beyond, Target, and other retailers.

70.     As a result of this extensive advertising and sales over the course of years, Plaintiff's GOTHAM STEEL marks have gained notoriety and renown in the marketplace and have earned the reputation as famous marks.

71.     Plaintiff owns the following U.S. Trademark Registrations:

Mark: **GOTHAM STEEL (Standard Characters)**
Reg. No.: 5307503
Reg. Date: October 10, 2017
Class 7: Electric pasta makers for domestic use; all of the foregoing containing steel
Class 21: Pots; Pans; Cookware, namely, steamers; Household utensils, namely, spatulas and kitchen tongs; Cooking strainers; Non-electric cookware, namely, broilers and roasters; all of the foregoing containing steel

Mark: **GOTHAM STEEL OVER EZ (Standard Characters)**
Reg. No.: 5392475
Reg. Date: January 30, 2018
Class 21: Cookware, namely, pots and pans

Mark: **GOTHAM STEEL (Standard Characters)**
Reg. No. 4863510
Reg. Date: December 1, 2015
Class 8: Kitchen knives; Carving knives; Chef knives; Fixed blade knives; Cutlery, namely, knives

72.     As a direct and proximate result of the aforementioned collective acts of Defendant, Defendant has infringed upon and diluted Plaintiff's registered, famous marks, and

derived an unfair economic advantage thereby damaging Plaintiff in an amount to be determined at trial.

73.     As a result of Defendant's collective actions, Plaintiff has suffered injury, including irreparable injury, and damages, including lost profits, reasonable royalties, and other damages set forth herein.

### COUNT V
### TRADE DRESS INFRINGEMENT IN VIOLATION OF THE LANHAM ACT § 43(a)

74.     Plaintiff incorporates and realleges the allegations contained in the foregoing paragraphs as though fully set forth herein in their entirety.

75.     Plaintiff has been using its proprietary designs in U.S. commerce as early as 2009.

76.     As a direct and proximate result of the aforementioned collective acts of Defendant, Defendant has derived an unfair economic advantage thereby damaging Plaintiff in an amount to be determined at trial.

77.     As a result of Defendant's collective actions, Plaintiff has suffered injury, including irreparable injury, and damages, including lost profits, reasonable royalties, and other damages set forth herein.

### COUNT VI
### FALSE ADVERTISING, UNFAIR COMPETITION AND PASSING OFF IN VIOLATION OF NEW JERSEY DECEPTIVE TRADE PRACTICES LAW § 56:8-2 OF NEW JERSEY FAIR TRADE ACT, N.J.S.A. § 56:4-1

78.     Plaintiff hereby incorporates by reference and realleges each and every allegation contained in each of the foregoing paragraphs.

79.     The aforementioned collective acts of the Defendant constitute unfair competition, false advertising, passing off, and unfair business practices in violation of New Jersey stator law.

80.    As a direct and proximate result of these actions, Plaintiff has been damaged and will continue to be damaged in the future.

81.    As a direct and proximate result of the aforementioned collective acts of Defendant, Defendant has derived an unfair economic advantage thereby damaging Plaintiff in an amount to be determined at trial.

82.    As a result of Defendant's collective actions, Plaintiff has suffered injury, including irreparable injury, and damages, including lost profits, reasonable royalties, and other damages set forth herein.

<strong>COUNT VII<br>
TRADEMARK INFRINGEMENT, TRADE DRESS INFRINGEMENT AND DILUTION<br>
UNDER NEW JERSEY COMMON LAW</strong>

83.    Plaintiff incorporates and realleges the allegations contained in the foregoing paragraphs as though fully set forth herein in their entirety.

84.    The aforementioned collective acts of the Defendant constitute common law infringement, dilution and passing off of Plaintiff's popular Copper Pans and registered GOTHAM STEEL trademark.

85.    The Defendant will, if not preliminarily and permanently enjoined by the Court, continue its acts of unfair competition as defined by the common laws of New Jersey, thereby deceiving the public, and causing Plaintiff immediate and irreparable harm, damage and injury.

86.    As a result of the Defendant's collective actions, Plaintiff has suffered injury, including irreparable injury, and damages, including lost profits, reasonable royalties, and other damages as set forth herein.

## COUNT VIII
## UNFAIR COMPETITION UNDER NEW JERSEY COMMON LAW

87.     Plaintiff incorporates and realleges the allegations contained in the foregoing paragraphs as though fully set forth herein in their entirety.

88.     The aforementioned collective acts of the Defendant constitute unfair competition and unfair business practices contrary to the common laws of New Jersey.

89.     The Defendants will, if not preliminarily and permanently enjoined by the Court, continue its acts of unfair competition as defined by the common laws of New Jersey, thereby deceiving the public, and causing Plaintiff immediate and irreparable harm, damage and injury.

90.     As a result of the Defendant's collective actions, Plaintiff has suffered injury, including irreparable injury, and damages, including lost profits, reasonable royalties, and other damages as set forth herein.

## COUNT IX
## TORTIOUS INTERFERENCE WITH PROSPECTIVE ECONOMIC ADVANTAGE

91.     Plaintiff incorporates and realleges the allegations contained in the foregoing paragraphs as though fully set forth herein in their entirety.

92.     Plaintiff has a reasonable expectation of an economic advantage for any person seeking to do business with Plaintiff and relies upon laws which prevent malicious and intentional acts by a competitor attempting to confuse such would-be customers/clients into doing business with them rather than Plaintiff or a third-party business partner of Plaintiff.

93.     Upon information and belief, Defendant has knowingly and intentionally misled consumers of Plaintiff into falsely believing that unmarked knock-off pans were part of, offered by, or affiliated with, Plaintiff as part of its popular line of Copper Pans and GOTHAM STEEL-

branded goods, by virtue of a knowing use of misleading imagery and designations on its print advertisements.

94.     Upon information and belief, Defendant has knowingly and intentionally misled consumers of Plaintiff into falsely believing that the unmarked knock-off pans were advertised on TV, through its improper use of the "As seen on TV" designation, thereby giving the misleading and incorrect impression that these knock-off goods were on par with, or even offered with or affiliated with, Plaintiff's popular Copper Pans and well-known, registered GOTHAM STEEL trademark. This is not the case, as only Plaintiff's popular Copper Pans are in fact advertised on TV.

95.     The Defendant's collective actions were committed with malice, willfulness and the intent to interfere with Plaintiff's expectation to do business with persons seeking to do business with Plaintiff, without reasonable and lawful justification or excuse.

96.     The Defendant's collective actions transgress generally accepted standards of common morality and law.

97.     The Defendant will, if not preliminarily and permanently enjoined by the Court, continually and tortuously interfere with Plaintiff's prospective economic advantage, and cause Plaintiff immediate and irreparable harm, damage and injury.

98.     As a result of the Defendant's collective actions, Plaintiff has suffered injury, including irreparable injury, and damages, including lost profits, reasonable royalties, and other damages as set forth herein.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment against the Defendant as follows:

A.      For judgment that:

i.    Defendant has violated Section 43(a) of the Lanham Act, 15 U.S.C. §1125(a);

ii.   Defendant has violated Section 43(c) of the Lanham Act, 15 U.S.C. §1125(c);

iii.  Defendant has engaged in false advertising, unfair competition, and passing off under the New Jersey Deceptive Trae Practices Act;

iv.   Defendant has engaged in unfair competition under the common law of the State of New Jersey;

v.    Defendant has caused infringement and dilution of Plaintiff's Copper Pan designs and registered GOTHAM STEEL marks, in violation of the law of the State of New Jersey; and

vi.   Defendant has engaged in tortious interference with Plaintiff's prospective economic advantage.

B.    That Plaintiff be awarded all the costs, disbursements and attorneys' fees incurred by Plaintiff in bringing this claim, pursuant to 15 U.S.C. § 1117, and actual and punitive damages to the full extent available under common law;

C.    That, pursuant to Section 34(a) of the Lanham Act, 15 U.S.C. §1116(a), Defendant shall serve upon Plaintiff within thirty (30) days after service on Defendant of an injunction, or such extended period as the Court may direct, a report in writing under oath setting forth in detail the manner and form in which Defendant has complied with the injunction;

D.    That this be declared an exceptional case, pursuant to 15 U.S.C. §1117, because of the willful and deliberate nature of Defendant's acts of trademark infringement, trade dress

infringement, dilution, unfair competition, false designation of origin, false association, false

advertising, passing off, tortious interference with prospective economic advantage, and related

deceptive acts and practices, and awarding Plaintiff its reasonable attorneys' fees; and

E.      Such other and further relief as this Court may deem just and proper.

## JURY DEMAND

Under Fed. R. Civ. P. 38(b), Gotham Steel, LLC hereby demands a trial by jury on all

issues triable as a right by a jury.

Dated:          August 8, 2018
                New York, New York

                                Respectfully submitted,

                                **LOMBARD & GELIEBTER LLP**


                                By:     /s/ Darren M. Geliebter_____
                                        Darren M. Geliebter (DG 0665)
                                        305 Broadway, 7th Floor
                                        New York, New York 10007
                                        (212) 520-1172 (telephone)
                                        (646) 349-5567 (facsimile)

                                        *Attorneys for Plaintiff*